IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01432-GPG
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

ELISE VIGIL,

 Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION,

 Defendant

---

ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES AND FILE AMENDED COMPLAINT

---

 Plaintiff, Elise Vigil, has filed *pro se* a Complaint against the Social Security Administration. (ECF No. 1).  She has also submitted an Application to Proceed in District Court without Prepaying Fees or Costs. (ECF No. 2).  The court must construe the Complaint liberally because Ms. Vigil is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

 As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(a), the Court has determined that the document is deficient as described in this order.  Plaintiff will be directed to cure the following if she wishes to pursue her claims.  Any papers that Plaintiff files in response to this order must include the civil action number noted above

in the caption of this order.

**Application to Proceed in District Court Without Prepaying Fees or Costs**:
(1)     __     is not submitted
(2)     __     is not on proper form (must use the Federal Court's current form)
(3)     __     is missing original signature by Plaintiff
(4)     __     is missing affidavit
(5)     __     affidavit is incomplete
(6)     __     affidavit is not properly notarized
(7)     __     names in caption do not match names in caption of complaint, petition or application
(8)     __     other:

**Complaint or Petition**:
(9)     __     is not submitted
(10)    __     is not on proper form (must use the court's current form)
(11)    __     is missing an original signature by the Plaintiff
(12)    xx     is incomplete (please complete all sections, including parties, jurisdiction, and Request for Relief)
(13)    __     uses et al. instead of listing all parties in caption
(14)    __     names in caption do not match names in text of Complaint (names in caption should match the names listed as Parties in Section A)
(15)    xx     addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(16)    __     other:

Furthermore, the court finds that Plaintiff's Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Vigil fails to provide a short and plain statement of the grounds for the court's jurisdiction. In other words, Ms. Vigil fails to identify the statutory authority that allows the court to consider the claims she is asserting in this action.

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Ms. Vigil indicates she is disabled and, therefore, she may be seeking judicial review of a decision denying her claim for social security disability benefits. If so, the court may have jurisdiction to consider her claim or claims pursuant to the Social Security Act. However, Congress has explicitly provided that in claims arising under the Social Security Act, judicial review is permitted only in accordance with section 405(g), which requires a "final decision of the Commissioner of the Social Security made after a hearing." 42 U.S.C. § 405(g), (h). In order to obtain a judicially reviewable final decision, the claimant must complete a four-step administrative review process. 20 CFR

§ 416.1400(a).

Assuming Ms. Vigil is seeking judicial review of a decision denying her claim for social security disability benefits, the proper Defendant is the Commissioner of Social Security, in her official capacity, not the Social Security Administration. *See* 20 C.F.R. § 422.210(d).  If Ms. Vigil intends to assert some other claim or claims, she must identify the specific statutory authority that allows the court to consider the claim or claims.

Ms. Vigil's Complaint also fails to provide a short and plain statement of her claims showing she is entitled to relief.  She fails to allege when the Commissioner denied her claim for social security disability benefits and the reason her administrative claim was denied.  Ms. Vigil also fails to identify the specific provision within the Social Security Act that authorizes her claim.

For these reasons, Ms. Vigil will be ordered to file an amended complaint if she wishes to pursue her claims in this action.  In order to state a claim in federal court Ms. Vigil "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  In order to satisfy the requirements of Rule 8, it may be helpful for Ms. Vigil to attach to her amended complaint a copy of the Commissioner's decision denying her claim for social security disability benefits in addition to alleging the specific facts that support her claim as

discussed above.

Finally, Plaintiff's handwriting is not entirely legible and she has failed to leave sufficient space between each line.  Pursuant to Rule 10.1(e)and (g) of the Local Rules of Practice for this Court, Plaintiff is required to double space all filings and print legibly.

If Ms. Vigil fails within the time allowed to file an amended complaint that complies with this order and the pleading requirements of the Federal Rules of Civil Procedure, the instant action will be dismissed without prejudice.  However, Ms. Vigil is warned that, even if the action is dismissed without prejudice, the dismissal may act as a dismissal with prejudice if the time for filing an action seeking review of the denial of social security benefits expires. *See Rodriguez v. Colorado*, 521 F. App'x 670, 671-72 (10th Cir. 2013).  Pursuant to Section 205(g) of the Social Security Act, a civil action must be commenced "within sixty days after the mailing to [her] of notice of [any final decision of the Commission of Social Security] or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g).  Accordingly, it is

ORDERED that Ms. Vigil file, **within thirty (30) days from the date of this order**, an amended complaint that cures the designated deficiencies and complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order.  It is

FURTHER ORDERED that Ms. Vigil shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Ms. Vigil fails within the time allowed to file an amended complaint that complies with this order as directed, the action will be dismissed without further notice.

DATED July 9, 2015, at Denver, Colorado.

5

BY THE COURT:
S/ Gordon P. Gallagher

_____
United States Magistrate Judge